IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JEFFREY A. PLEASANT,

    Petitioner,

v.                                  Civil Action No. 3:12CV731

KENNETH T. CUCCINELLI, et al.,

    Respondents.

**MEMORANDUM OPINION**

Following a jury trial, this Court convicted Jeffrey A. Pleasant of two counts of interfering with commerce by threats or violence, two counts of carrying a firearm during and in relation to a crime of violence, two counts of possession of a firearm in furtherance of a crime of violence, and one count of possession of a firearm by a convicted felon. See United States v. Pleasant, 31 F. App'x 91, 92 (4th Cir. 2002). The Court sentenced Pleasant to 622 months of imprisonment. Id. By Memorandum Opinion and Order entered on April 22, 2003, the Court denied a motion under 28 U.S.C. § 2255 filed by Pleasant. United States v. Pleasant, No. 3:00CR71 (E.D. Va. Apr. 22, 2003), ECF Nos. 93-94. The matter is before the Court on Pleasant's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("§ 2241 Petition").[1] (ECF No. 8.) As explained

---

[1] Pleasant has moved to amend his § 2241 Petition and to conduct discovery. (ECF No. 10.) The Court will grant

below, the § 2241 Petition must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, capias, habeas corpus . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman

---

Pleasant's request to amend, but will deny his request to conduct discovery.

2

v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)). In other words, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Although Pleasant mentions some state charges in his § 2241 Petition,[2] the thrust of his § 2241 "challenges the lawfulness of his detention under the 'PROJECT EXILE' Federal - State Law enforcement program initiative, where state offenses are prosecuted federally." (Motion to Amend ¶ 3.). Pleasant continues to insist that his federal convictions and sentence

---

[2] For example, Pleasant represents that he wishes to challenge the decisions of the Circuit Court of the City of Richmond ("Circuit Court") with respect to, inter alia, "CR00-362-F, CR00-363-F[, and] CR00-364-F." (§ 2241 Pet. 3.) Pleasant, however, fails to specify how these cases resulted in a present restraint upon his liberty. Indeed, Pleasant's submissions reflect that "the Commonwealth ha[s] withdrawn the[se] indictments." Pleasant v. Commonwealth, No. 1741-07-2, at 1 (Va. Ct. App. Dec. 13, 2007); (§ 2241 Pet. Ex. 16C, at 1).

are unlawful because of defects in his prosecution. Pleasant requests the following relief: "I would like the United States to reverse and remand the Project Exile prosecution, where my state arrest for the six (6) state felony offenses were never resolved as a prerequisite to the United States assuming jurisdiction for which to prosecute under (Project Exile)." (§ 2241 Pet. 9 (capitalization and spelling corrected).) In substance and effect, Pleasant's § 2241 Petition "'asserts . . . a federal basis for relief from [his] underlying [federal] conviction[s].'" McCalister, 453 F. App'x at 778 (quoting Spitznas 464 F.3d at 1215). Accordingly, the § 2241 Petition is properly construed as a successive 28 U.S.C. § 2255 motion. Because the Fourth Circuit has not authorized this Court to entertain Pleasant's successive § 2255 motion, the action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to

proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Pleasant fails to satisfy this standard. Accordingly, a COA will be denied.

Pleasant's requests to proceed in forma pauperis (ECF Nos. 2, 9) will be denied as moot. Additionally, for the reasons set forth above, the Court hereby certifies that any appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3).[3]

The Clerk is directed to send a copy of this Memorandum Opinion to Pleasant and counsel for the United States.

Date: January 27, 2014
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

---

[3] The Court hereby provides Pleasant notice that, pursuant to Federal Rule of Appellate Procedure 24(a)(5), he may file a motion to proceed on appeal in forma pauperis in the United States Court of Appeals for the Fourth Circuit within thirty (30) days of entry hereof. Failure to timely file such a motion may result in the loss of the right to file such a motion. The motion must include a copy of this Memorandum Opinion and Order and the affidavit in support the request to proceed in forma pauperis filed in the District Court.